No. 53,478

STATE OF KANSAS, *ex rel.,* ROBERT T. STEPHAN, Attorney General, *Petitioner,* v. PHILIP W. MARTIN, Director of Property Valuation, Kansas Department of Revenue, *Respondent,* and THE KANSAS FARM BUREAU, INC., THE KANSAS LIVESTOCK ASSOCIATION, INC., and THE KANSAS ASSOCIATION OF WHEAT GROWERS, INC., *Intervenors.*

(640 P.2d 316)

Opinion filed January 29, 1982.

*Rodney J. Bieker,* assistant attorney general, argued the cause, and *Robert T. Stephan,* attorney general, and *Dan Biles,* assistant attorney general, were with him on the brief for the petitioner.

*Alan F. Alderson,* general counsel, Kansas Department of Revenue, argued the cause and was on the brief for the respondent.

*E. Richard Brewster,* of Gehrt & Roberts, Chartered, of Topeka, and *Charles S. Arthur,* of Arthur, Green, Arthur & Conderman, of Manhattan, argued the cause and were on the brief for the intervenors.

The interim opinion of the court was delivered by

MILLER, J.: This is an original action in quo warranto, brought by the attorney general against Philip W. Martin, director of property valuation of the Kansas Department of Revenue. The attorney general challenges the constitutionality of Chapter 373 of the 1981 Session Laws of Kansas, an act relating to taxation and concerning the valuation of farm machinery and equipment for the purpose of ad valorem taxation. Since the officials charged with assessment are now engaged in the valuation of personal property for the current year, we have determined that we should announce our decision promptly in order to give guidance to those public officials and notice to the public.

We have determined that Chapter 373 of the 1981 Session Laws of Kansas violates Article 11, Section 1 of the Constitution of Kansas in that it creates an unconstitutional classification of personal property and is discriminatory. We therefore hold Chapter 373 invalid. Accordingly, the farm machinery described in that chapter must be appraised, and its assessed value determined, in accordance with the pertinent provisions of Chapter 79 of the Kansas Statutes Annotated, rather than pursuant to the provisions of Chapter 373.

Chapter 373 of the 1981 Session Laws of Kansas is hereby declared unconstitutional and the respondent is precluded from proceeding under the authority of that act.

This brief announcement of our decision will be followed by a formal opinion.

SCHROEDER, C.J., dissenting.